UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**Petition for Order Under Federal Rule of Civil Procedure 45(g)**<br><br>**3M Company**,<br><br>    Petitioner,<br><br>vs.<br><br>**Nomad, Inc.**,<br><br>    Respondent. | Court File No. 1:23-cv-5570 |
| **Rytis Teresko** and **Edita Teresko**,<br><br>    Plaintiffs,<br><br>and<br><br>**Liberty Mutual Insurance** and **Blue Cross Blue Shield of Illinois**,<br><br>    Involuntary Plaintiffs,<br><br>vs.<br><br>**3M Company** and **ABC Insurance Company**,<br><br>    Defendants. | *Underlying civil action pending in the United States District Court for the Eastern District of Wisconsin, No. 2:22-cv-01532* |

### Petitioner 3M Company's Petition for an Order Under Federal Rule of Civil Procedure 45(g) and Incorporated Supporting Memorandum

Defendant 3M Company respectfully petitions the Court for an Order commanding Nomad, Inc. to comply fully with a properly served subpoena within five business days of service of such Order. If Nomad fails to comply, it should be ordered to show cause as to why it should

1

not be held in contempt. Nomad has not provided *any* response to the subpoena at issue despite proper service and 3M's repeated attempts to secure compliance without court intervention. In further support of this petition, 3M states as follows.

## Relevant Background

This petition arises from a product liability action styled *Teresko v. 3M Co.*, No. 2:22-cv-01532, pending before the United States District Court for the Eastern District of Wisconsin. In brief, Plaintiff Rytis Teresko has alleged he was injured by a fall protection device manufactured by 3M, while Plaintiff Edita Teresko alleges loss of consortium. (*See generally* Alcazar Decl. Ex. 1—*Teresko* Am. Compl.) At the time of the underlying incident, Teresko was employed by Nomad. (Alcazar Decl. Ex. 2—Rytis Teresko Dep. 9:2-10, 10:11-16.)

On March 18, 2023, 3M personally served a subpoena directed to Nomad on its secretary and director, Olga Teresko. (Wing Decl. Ex. 1—Subpoena; Wing Decl. Ex. 2—Aff. of Service; Alcazar Decl. Ex. 3—Ill. Sec'y of State filing (naming Olga Teresko).) The subpoena was served at 186 Brandywine Court, Vernon Hills, Illinois 60061, the address listed on Nomad's 2022 Illinois domestic corporation annual report. (Wing Decl. Ex. 2.) The subpoena sought documents related to Rytis Teresko's employment with Nomad. (*See* Wing Decl. Ex. 1 at 7-10 (listing designated documents).) The subpoena listed a return date of April 14, 2023, and provided contact information for 3M's counsel so that Nomad could arrange its document production or otherwise respond to the subpoena. (*Id.* at 2.) Nomad did not respond to the subpoena by the return date. (Wing Decl. ¶ 3.)

On July 14, 2023, 3M's counsel sent a letter via FedEx to Olga Teresko at the same address where the subpoena was personally served. (Alcazar Decl. Ex. 4.) The letter reiterated Nomad's duty to comply with the subpoena and requested a response within three business days. (*See id.* at

1.) The letter was delivered on July 17, 2023. (Alcazar Decl. Ex. 5—Proof of delivery.) Nomad did not respond to 3M's letter dated July 14, 2023. (Alcazar Decl. ¶ 7.)

On August 2, 2023, 3M's counsel sent an email to an address associated with Nomedas Teresko, who served as Nomad's president and is also Rytis Teresko's brother. (*See* Alcazar Decl. Ex. 2 at 13:1-8; Alcazar Decl. Ex. 3 (listing Nomedas Teresko); Wing Decl. Ex. 3—Email to nteresko@yahoo.com.) The email address appeared in correspondence produced by nonparty RUC LLC in response to different subpoena. (*See* Alcazar Decl. Ex. 6 at 6.) The email again requested a response from Nomad regarding the subpoena. (Wing Decl. Ex. 3 at 1.) 3M did not receive a response to its email of August 2, 2023. (Wing Decl. ¶ 6.)

On August 7, 2023, 3M's counsel called a phone number associated with Nomedas Teresko to discuss the subpoena, but received no response. (Alcazar Decl. ¶ 9.) The phone number appeared in RUC's document production. (*See* Alcazar Decl. Ex. 6 at 6.)

To date, Nomad has not provided any response to the subpoena. (Alcazar Decl. ¶ 10.)

### **Argument**

The Court may compel the recipient of a subpoena to comply with it. Rule 45(g) provides that the court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena or an order related to it. District courts have power to find contempt "simply on the basis of failure to comply with a subpoena." *Botello v. Lill*, No. 21 CV 4650, 2023 WL 415545, at *2 (N.D. Ill. Jan. 25, 2023) (quoting *Jalayer v. Stigliano*, No. CV102285LDHAKT, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016)) (ordering subpoena recipient to comply with subpoena or to show cause why he should not otherwise be held in contempt). Courts have broad discretion to fashion contempt remedies in light of the harm at issue and the probable effect of alternative sanctions. *Id.* (quoting *F.T.C. v. Trudeau*, 579 F.3d 754, 771 (7th Cir. 2009)).

Subpoena recipients that do not timely respond to a properly served subpoena waive any objections they may have to the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B) (requiring that objections to a subpoena be served before the earlier of the time specified for compliance or 14 days after service of the subpoena); *Wilbourn v. Axcess Staffing Serv., LLC*, No. 1:19-CV-4686-LMM-WEJ, 2020 WL 10223303, at *1 (N.D. Ga. July 29, 2020) ("XPO failed to timely respond to plaintiff with objections, comply with the subpoena, or move to quash or modify the subpoena. Therefore, XPO has waived all objections." (internal citation omitted)); *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (observing that "a nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection . . . has been waived," and ordering nonparty to comply with document subpoena).

3M has made repeated efforts to obtain Nomad's compliance with the subpoena to no avail. Given Nomad's complete and prolonged failure to comply with or even acknowledge the subpoena, the Court should (1) deem any objections to the subpoena waived, and (2) order Nomad to respond to the subpoena within five business days of service of any Order granting the relief requested in the instant petition, with such response to include Nomad's production of any responsive documents under its control. Should Nomad fail to comply, the Court should order Nomad to show cause as to why it should not be held in contempt. Additionally, to ensure notice of any Order resulting from the instant petition, the Court should direct the United States Marshals Service to personally serve a copy of such Order on Nomad care of Nomedas Teresko and Olga Teresko. *See Botello*, 2023 WL 415545, at *2 (collecting authorities regarding service by U.S. Marshal).

## **Conclusion**

3M respectfully asks that the Court (1) deem any objections to the subpoena waived, and (2) order Nomad to respond to the subpoena within five business days of service of any Order

granting the relief requested in the instant petition, with such response to include Nomad's production of any responsive documents under its control. Should Nomad fail to comply, the Court should order Nomad to show cause as to why it should not be held in contempt. The Court should further direct the United States Marshals Service to personally serve a copy of any Order regarding the instant petition on Nomad care of Nomedas Teresko or Olga Teresko.

| | |
|---|---|
| Dated: August 16, 2023 | /s/ Nathan A. Shine |

**Norton Rose Fulbright US LLP**

Nathan A. Shine
ARDC No. #6316753
1045 W. Fulton Market, Suite 1200
Chicago, IL 60607
T: (312) 964-7800
nathan.shine@nortonrosefulbright.com

Gerardo Alcazar (*pro hac vice* forthcoming)
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
T: (612) 321-2800
gerardo.alcazar@nortonrosefulbright.com

*Attorneys for Petitioner 3M Company*

## Certificate of Service

I certify that the foregoing and all materials in support were served on the following recipients via email and by consent:

**Habush Habush & Rottier S.C.**

Timothy S. Trecek
777 East Wisconsin Avenue, Suite 2300
Milwaukee, WI 53202
T: (414) 271-0900
ttrecek@habush.com

*Attorney for Plaintiffs*

**Weld Riley, S.C.**

Matthew S. Mayer
500 Third Street, Suite 800
P.O. Box 479
Wausau, WI 54402
T: (715) 845-8234
F: (715) 848-1085
mmayer@weldriley.com

*Attorney for Involuntary Plaintiff
Blue Cross Blue Shield of Illinois*

**Law Offices of John C. Syverson**

Tamera A. DeGroot
Mailing: PO Box 7217, London, KY 40742
Physical: 11800 West Park Place, Suite 210,
          Milwaukee, WI 53224
T: (715) 264-5983
F: (866) 858-9836
tamera.degroot@libertymutual.com

*Attorney for Involuntary Plaintiff
Liberty Mutual Insurance*

I additionally certify that the foregoing was served on the following addressee by certified mail:

Nomad, Inc. c/o Olga Teresko and Nomedas Teresko
186 Brandywine Court
Vernon Hills, IL 60061

Dated: August 16, 2023                        *Nathan A. Shine*
                                                                            Nathan A. Shine